### John M. Wolf, Appellee, v. Morton Ellison, Appellant.
### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS
M. JETT, Judge, presiding.    Heard in this court at the October
term, 1915.    Affirmed.    Opinion filed April 21, 1916.

### Statement of the Case.

Action by John M. Wolf, plaintiff, against Morton
Ellison, defendant, on a promissory note.    From a
judgment for plaintiff, defendant appeals.

EMERY ANDREWS and RAYMOND G. REAL, for appellant.

WHITAKER, WARD & PUGH, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1.  BILLS AND NOTES, § 440*—*when evidence sufficient to sustain
verdict.*  In an action on a promissory note evidence *held* sufficient
to justify a finding that the note was not materially altered after
it was executed, that it was executed by the defendant and that
neither it nor the note for which it was given, as a renewal, had
been paid.

2.  BILLS AND NOTES, § 426*—*when evidence as to ability of maker
to pay unpaid note before outlawed inadmissible.*  Where suit
on a promissory note had not been commenced until more than
six years after the date of maturity, *held* that evidence as to the
ability of the maker to pay it during that period was inadmissible,
since no presumption of payment arises from delay, amounting to
less than the period limited by the statute of limitations, in pro-
ceeding to collect a debt of a living debtor.

3.  BILLS AND NOTES, § 426*—*when evidence as to ability of maker
to pay unpaid note before outlawed inadmissible.*  Where suit was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

not brought on a promissory note until more than six years after the date of its maturity, evidence of the maker's ability to pay it during that period *held* inadmissible, though the plaintiff had testified that the bringing of a suit at an earlier date would have been unavailing, since the reasons for failure to make an earlier attempt to collect was immaterial.

4. APPEAL AND ERROR, § 1088*—*necessity that brief refer to pages of abstract where rulings complained of appear.* Where no reference is made in the brief to the pages of the abstract on which alleged erroneous rulings appear, they will not be considered on appeal.

5. INSTRUCTIONS, § 120*—*when properly refused as not conforming to evidence.* An instruction that the jury, in determining what facts were proven, should consider all the evidence before them, together with all the circumstances of the transaction in question, *held* properly refused, in that it did not limit the circumstances to be considered to those shown by the evidence.

6. EVIDENCE, § 457*—*when testimony at former trial not competent.* Testimony of a present witness given on a trial is not competent evidence on a subsequent trial.

7. NEW TRIAL, § 61*—*when properly denied.* Refusal to grant a new trial on the ground that the defendant was taken by surprise because the plaintiff testified differently than he did on a former trial, and that the defendant did not have·time to obtain a transcript of such former testimony for use in impeachment *held* proper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.